IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ RAMÍREZ DE ARELLANO,<br><br>Petitioner<br><br>v.<br><br>THE FEDERAL AVIATION ADMINISTRATION,<br><br>Respondent | CIVIL NO.<br><br>MANDAMUS |

PETITION FOR A WRIT OF MANDAMUS TO THE FEDERAL AVIATION
ADMINISTRATION, FEDERAL AIR SURGEON, DR. MICHAEL A. BERRY

*S/Carlos A. Mercado-Rivera*
CARLOS A. MERCADO RIVERA
USDC-PR NO. 211904

**MERCADO RIVERA LAW OFFICES**
P.O. BOX 8086
CAGUAS, PUERTO RICO 00726
☏787-745-0628
🗎787-961-9884
✉: camercado@mercadoriverlaw.com

# TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF AUTHORITIES | ii |
| INDEX OF EXHIBITS | iii |
| INTRODUCTION | 1 |
| JURISDICTIONAL STATEMENT | 1 |
| STATEMENT OF ISSUES | 2 |
| STATEMENT OF CASE | 2-4 |
| ARGUMENT | 4-5 |
| REASONS THE WRIT SHOULD ISSUE | 5-9 |
| CONCLUSION | 9 |
| CERTIFICATE OF SERVICE | 10 |
| EXHIBITS | |

## TABLE OF AUTHORITIES

### CASES

1. *Dunn-McCampbell Royalty Interest, Inc. v. National Park Service,*

   112 F.3d 1283 (5th Cir. 1997). ………………………………………….. 5

2. *Giddings v. Chandler,*

   979 F.2d 1104, 1108 (5th Cir. 1992). …………………………………….5-6

3. *In re Reticel Foam Corp.,*

   859 F.2d 1000, 1005 (1st Cir. 1988) …………………………………….. 4

4. *Pittston Coal Group v. Sebben,*

   488 U.S. 105 (1988). ……………………………………………………. 4

5. *Randall D. Wolcott, M.D., P.A. v. Sebelius,*

   635 F.3d 757, 768 (5th, Cir. 2011). ……………………………………..5- 6

## INDEX OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---|---|
| 1 | June 20, 2014 Letter by Dr. Susan Northrup. |
| 2 | Emails dated around the month of July 2018 regarding appeal |
| 3 | August 24, 2015 Letter by Dr. Susan Northrup. |
| 4 | September 10, 2015 email reconsideration request from Mr. José Ramírez de Arellano |
| 5 | October 24, 2016 Letter by Dr. Susan Northrup. |
| 6 | F.A.A. Order 3930.3B |
| 7 | Expert Report by Dr. Billy Santiago Bermúdez |
| 8 | Expert Report by Dr. Victor Lladó |
| 9 | Email from Mr. Carlos Mercado to Dr. Susan Northrup dated July 3, 2018. |
| 10 | Emails between Dr. Susan Northrup and Mr. Carlos Mercado dated July 16, 2018. |
| 11 | Denial letter dated November 27, 2018 from Dr. Michael Berry. |
| 12 | Letter dated December 19, 2018 to Dr. Michael Berry |
| 13 | Letter dated February 13, 2019 to Dr. Michael Berry |
| 14 | Letter dated November 14, 2017 to Dr. Susan Northrup |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ RAMÍREZ DE ARELLANO,<br><br>Petitioner<br><br>v.<br><br>THE FEDERAL AVIATION ADMINISTRATION,<br><br>Respondent | CIVIL NO.<br><br>MANDAMUS |

## INTRODUCTION

Petitioner is requesting this Honorable Court's intervention by way of an issuance of a writ of mandamus against the Federal Aviation Administration. Petitioner applied for a position within the F.A.A. almost seven years ago and has yet to finalize his application process. This has not been for lack of diligence, but rather from lack of action on behalf of the F.A.A. His application was denied based on an alleged substance dependence issue, and petitioner appealed the decision, and later requested reconsideration following another denial. He submitted new evidence to support his request but was denied based on untimeliness. There was no timeframe to circumscribe to in petitioner's particular set of circumstances, and it is for this reason that petitioner comes to this Honorable Court to request an issuance of a writ of mandamus.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this petition for a writ of mandamus under 28 U.S.C.A. §1391(e) and §1361.

1

## STATEMENT OF ISSUES

1. Whether the Federal Aviation Administration erred in determining the petitioner's request for reconsideration was untimely.
2. Whether the Federal Aviation Administration erred in not addressing the new evidence presented by petitioner on reconsideration of his appeal.

## STATEMENT OF CASE

Petitioner Mr. José Ramírez de Arellano is a 30-year-old man who applied for a job as an Air Traffic Controller Specialist with the Federal Aviation Administration (F.A.A.) in Puerto Rico in 2012. He is currently residing, and has been residing, in Puerto Rico. Mr. Ramírez de Arellano complied with the rigorous medical examination process required by the F.A.A. and, after nearly two (2) years of waiting and diligent follow-up on his part, was informed on June 20th, 2014 that he had been denied a position within the F.A.A., despite the agency having already offered him two (2) positions (*See* Exhibit 1 – Letter dated June 20, 2014 from Dr. Susan Northrup). Mr. Ramírez de Arellano requested an appeal during the month of July 2014 (*See* Exhibit 2 – Emails dated around the month of July 2018 regarding appeal) and was denied once again on August 24, 2015 (*See* Exhibit 3 – Letter dated August 24, 2015 from Dr. Susan Northrup).

His application was denied following a determination by the Regional Flight Surgeon that he was unfit to hold the position allegedly due to substance dependence. Following the request for review of the Regional Flight Surgeon's decision, Mr. Ramírez requested a review of the decision and a reconsideration submitting new medical evidence. Mr. Ramírez filed a reconsideration with the Regional Flight Surgeon on September 10th, 2015 (*See* Exhibit 4 – Email reconsideration request dated

2

September 10, 2015 by Mr. José Ramírez de Arellano), to which he attached an expert report that concluded he did not have a substance dependence issue.

Despite his diligence and submission of additional medical evidence, Mr. Ramírez was denied a third time. Dr. Susan Northrup, Regional Flight Surgeon, indicated in her communication dated October 24th, 2016, that Mr. Ramírez "may request reconsideration at any time (sic) you have significant medical evidence to offer [. . .]." (*See* Exhibit 5 – Letter dated October 24, 2016 from Dr. Susan Northrup). On November 14, 2017, Mr. Ramírez de Arellano submitted a second expert report that also contradicted the F.A.A.'s findings on the alleged substance dependence issue.

F.A.A. Order 3930.3B, Chapter 3, Section 1, Subsection 12, states "[i]f the RFS does not overturn the disqualification in paragraph 9 above, the file will be forwarded for review by the FAS. a) RFS must forward the request, case summaries, *and complete medical files* to the Manager, Aeromedical Certification Division, AAM-300." In compliance with F.A.A. Order 3930.3B, Chapter 3, Section 1, Subsection 12, (*See* Exhibit 6 – F.A.A. Order 3930.3B), Mr. Ramírez de Arellano's file was then forwarded to the Federal Air Surgeon, located in Washington, D.C., which should have included the aforementioned new and compelling medical evidence that would, undoubtedly, overturn the original determination. This new evidence consisted of the two medical opinions that disputed the F.A.A.'s conclusions that Mr. Ramírez de Arellano suffers from substance dependence. (*See* Exhibit 7 – Expert Report by Dr. Billy Santiago Bermúdez; *See also* Exhibit 8 – Expert Report by Dr. Victor Lladó). Furthermore, and at the request of Dr. Susan Northrup, during the month of July 2018, Mr. Ramírez submitted recommendation letters and a certification of his sobriety. (*See* Exhibit 9 – email from Mr. Carlos Mercado to Dr. Susan Northrup dated July 3, 2018). Upon follow up by the undersigned as to whether anything else was required for Mr. Ramírez's case, Dr. Northrup replied on July 16, 2018 via email that she believed they had everything they needed (*See* Exhibit 10 – emails July 16, 2018 between Dr. Susan Northrup and Mr. Carlos Mercado).

However, Mr. Ramírez de Arellano's request for reconsideration was denied and deemed untimely on November 27, 2018 by the Federal Air Surgeon, Dr. Michael A. Berry, without even giving consideration to the new evidence submitted and in spite of Dr. Northrup's indication that a reconsideration could be requested at any time should the petitioner have significant medical evidence to offer. (*See* Exhibit 11 – Denial letter dated November 27, 2018 from Dr. Michael Berry).

Despite two communications addressed to Dr. Michael A. Berry, Federal Air Surgeon, on December 19, 2018 (*See* Exhibit 12 – Letter dated December 19, 2018 to Dr. Michael Berry) and on February 13, 2019 (*See* Exhibit 13 – Letter dated February 13, 2019 to Dr. Michael Berry) prompting him to review Mr. Ramírez's case, no response has been received to date.

Per F.A.A. rules, the Agency has a requirement that trainees begin at the Academy by a date no later than their 31st birthday. Mr. Ramírez de Arellano's 31st birthday is fast approaching on October 5th, 2019 and reaching that milestone would render him unable to be considered for a position as an Air Traffic Controller Specialist with the F.A.A. Thus, that the F.A.A. consider this new and compelling medical evidence submitted by Mr. Ramírez de Arellano is extremely time-sensitive.

Petitioner now seeks a writ of mandamus against Dr. Michael A. Berry, Federal Air Surgeon, to compel him to act upon this reconsideration and review the evidence that has been submitted. Petitioner requests that Dr. Michael A. Berry be given up to no later than September 1st, 2019 to act upon this reconsideration.

**ARGUMENT**

Mandamus is an exceptional remedy, "to be invoked only in extraordinary situations." *In re Reticel Foam Corp.*, 859 F.2d 1000, 1005 (1st Cir. 1988) (citing *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). "The extraordinary remedy of mandamus under 28 U.S.C. §1361 will issue only to compel the performance of 'a clear nondiscretionary duty'." *Pittston Coal Group v. Sebben*, 488 U.S. 105 (1988). "Mandamus is an extraordinary remedy, available only where government

4

officials clearly have failed to perform nondiscretionary duties. [. . .]" *Dunn-McCampbell Royalty Interest, Inc. v. National Park Service,* 112 F.3d 1283 (5th Cir. 1997). In order for a mandamus petition to proceed, the petitioner "must demonstrate that a government officer owes [the petitioner] a legal duty that is a specific, ministerial act, devoid of the exercise of judgment or discretion." *Dunn-McCampbell, Id* at 1288. This case presents such an instance of a failure to perform nondiscretionary duties.

This is an extraordinary case because Mr. Ramírez de Arellano has been nothing if not diligent in complying with everything that has been requested of him throughout his application evaluation process. He timely requested a reconsideration of his case on September 10th, 2015 following a denial of his appeal, and within that reconsideration, he included new and significant medical evidence that had disputed the Agency's findings. It is the Federal Air Surgeon's ministerial duty to evaluate the complete file that was sent in compliance with F.A.A. Order 3930.3B, in which the new medical evidence submitted on September 10th, 2015 should have been included, and to come to a determination on this matter. To date, and despite several communications following up on the Federal Air Surgeon's determination, the only decision that has been made is that the reconsideration request was untimely, when in fact there was no deadline to conform to if there would be new and compelling medical evidence to evaluate, as was the case here.

## REASONS THE WRIT SHOULD ISSUE

"Mandamus may only issue when (1) plaintiff has a clear right to relief, (2) the defendant has a clear duty to act, and (3) no other adequate remedy exists." *Randall D. Wolcott, M.D., P.A. v. Sebelius,* 635 F.3d 757, 768 (5th, Cir. 2011).

"Mandamus is an appropriate remedy only when the plaintiff's claim is clear and certain, and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *Giddings v.*

5

*Chandler,* 979 F.2d 1104, 1108 (5th Cir. 1992). "In short, mandamus does not create or expand duties, but merely enforces clear, non-discretionary duties already in existence." *Randall D. Wolcott, Id* at 768. "Mandamus is not available to review discretionary acts of agency officials." *Id* at 768.

The question in this case now becomes whether Mr. José Ramírez de Arellano has a clear right to relief, whether the Federal Air Surgeon, Dr. Michael A. Berry, has a clear duty to act, and whether no other adequate remedy exists. In short, Petitioner believes mandamus should issue here because this petition satisfies each condition.

## I. PETITIONER'S RIGHT TO THE WRIT IS CLEAR AND INDISPUTABLE

Mr. José Ramírez de Arellano has a clear right to relief: the reconsideration of his medical determination through the evaluation of his new submitted evidence that was not considered originally. As he was informed by Regional Flight Surgeon, Dr. Susan Northrup on October 24th, 2016, he could request reconsideration **at any time** should he have significant medical evidence to offer. He did precisely this: submitted two additional expert reports that concluded he does not have a substance dependency, thus directly contradicting the original F.A.A. medical examiner's conclusions.

On September 10th, 2015, Mr. Ramírez de Arellano submitted his request for reconsideration of the F.A.A.'s conclusions, along with the first of the two aforementioned expert reports. The second report followed on November 14, 2017. The only response received to this request's effect on behalf of the Federal Air Surgeon was that it was untimely and that, for that reason alone, it could not be considered. This is an erroneous assertion, since Mr. Ramírez de Arellano was informed by the Regional Flight Surgeon on October 24th, 2016 that reconsideration could be requested at any time if there was new and compelling medical evidence to offer. Thus, his request was not untimely and should have been evaluated. Dr. Berry was so informed by the undersigned on December 19th, 2018

6

(*See* Exhibit 12 - Letter dated December 19, 2018 to Dr. Michael Berry) and on February 13th, 2019 (*See* Exhibit 13 – Letter dated February 13, 2019 to Dr. Michael Berry).

The new and compelling medical evidence submitted on September 10th, 2015 that should have been evaluated consisted of a report by Dr. Billy B. Santiago Bermúdez (*See* Exhibit 7 – Expert Report by Dr. Billy Santiago Bermúdez) in which conclusions are reached to the effect that Mr. Ramírez de Arellano does not have a substance dependence, this clearly would qualify as significant medical evidence that could be attached to a request for reconsideration submitted "at any time", per Dr. Northrup's October 24th, 2016 communication (*See* Exhibit 5 – October 24, 2016 Letter by Dr. Susan Northrup). Furthermore, on November 14, 2017, Mr. Ramírez de Arellano submitted another expert report to Dr. Northrup, this time by psychiatrist Dr. Victor Lladó who concluded similarly in that Mr. Ramírez de Arellano does not have a substance dependence issue (*See* Exhibit 14 – Letter dated November 14, 2017 to Dr. Susan Northrup). This expert report must also be considered new and compelling medical evidence that would render a reconsideration possible in this case.

Given the existence of these reports, the submission by the Petitioner of his request for reconsideration on September 10th, 2015 and on November 14, 2017, the clearly erroneous assertion that his reconsideration was untimely, and the F.A.A.'s inaction following the two communications on December 2018 and February 2019, the Petitioner has a right to receive a determination by the F.A.A. on the merits of his request for reconsideration. As a result, the Petitioner has a clear and indisputable right to the writ of mandamus.

## II. THE DEFENDANT HAS A CLEAR DUTY TO ACT

F.A.A. Order 3930.3B Chapter 3, Section 1, Subsection 12(b) states that "The complete medical file and all available medical information that has been considered must be forwarded to the FAS [. . .]" Moreover, in her October 24th, 2016 communication (*See* Exhibit 5 – October 24, 2016 Letter by

7

Dr. Susan Northrup), Regional Flight Surgeon Dr. Susan Northrup reiterated the following to Mr. Ramírez de Arellano: "We remind you that you may request reconsideration *at any time you have significant medical evidence to offer*, [...]" (emphasis ours). Mr. Ramírez de Arellano was not given a timeframe within which to request reconsideration, and thus, there was no limitation or deadline to be enforced when evaluating his request for reconsideration.

In light of Mr. Ramírez's request for reconsideration, which was not circumscribed to a timeframe requirement, the Federal Air Surgeon has a duty to evaluate *the entire file*, including this new evidence, and issue a determination. As previously mentioned, however, Dr. Berry merely limited himself to informing Mr. Ramírez that his request was untimely and evaluated the record that existed prior to the submittal of this new evidence (*See* Exhibit 11 – Denial letter dated November 27, 2018 from Dr. Michael Berry). By saying that Mr. Ramírez's request was untimely and not issuing a determination based on the merits of his file, Dr. Berry violated his duty to act as described in F.A.A. Order 3930.3B and in Dr. Northrup's October 24th, 2016 communication. Dr. Berry further violated his duty to act when he preemptively decided, without evaluating the evidence, that he would decide against Mr. Ramírez were he to evaluate the request a second time.

### III. THERE EXISTS NO OTHER ADEQUATE REMEDY

Thirdly, there exists no other adequate remedy in this particular set of circumstances, a determination must be reached by the Federal Air Surgeon in order to solve this matter. Despite two communications, on December 19, 2018 (*See* Exhibit 12 – Letter dated December 19, 2018 to Dr. Michael Berry) and February 13, 2019 (*See* Exhibit 13 – Letter dated February 13, 2019 to Dr. Michael Berry) following up on this matter, the Federal Air Surgeon has not issued a determination on the reconsideration request by Mr. Ramírez de Arellano, other than to state that his request was untimely and that no decision on the merits was going to be issued. No further communication has

been received from the Federal Air Surgeon or the F.A.A. following the November 27th, 2018 letter from Dr. Berry.

At this time, Mr. Ramírez de Arellano has no other relief to obtain a final determination on his case other than requesting this Honorable Court's intervention.

## CONCLUSION

For the foregoing reasons, the Court should grant this petition for a writ of mandamus. Upon issuance of the writ, the Federal Aviation Administration should reevaluate the new and compelling medical evidence submitted by Petitioner and issue a determination on his reconsideration before his 31st birthday on October 5th, 2019, thereby, in the event of a favorable decision, giving him enough time to commence training at the F.A.A. Academy prior to that date. In the meantime, and while this Honorable Court considers this petition for a writ of mandamus, petitioner humbly requests this Honorable Court order the F.A.A. to allow him to commence training at the F.A.A. Academy so that, in the event of a favorable decision on his reconsideration, he is not precluded from commencing training prior to his 31st birthday.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 20th day of June 2019.

*S/Carlos A. Mercado-Rivera*
CARLOS A. MERCADO RIVERA
USDC-PR NO. 211904

**MERCADO RIVERA LAW OFFICES**
P.O. BOX 8086
CAGUAS, PUERTO RICO 00726
☏787-745-0628
📄787-961-9884
✉: camercado@mercadoriverlaw.com

9

## CERTIFICATE OF SERVICE

I, Carlos A. Mercado Rivera, an attorney, certify that on 20th day of June 2019. I served the foregoing upon the parties via service of process in compliance with Fed.R.Civ.P. Rule 4. I also hereby certify that the foregoing was filed via the CM/ECF system, which will notify all parties of record.

Counsel for Petitioner

*S/Carlos A. Mercado-Rivera*
CARLOS A. MERCADO RIVERA
USDC-PR NO. 211904

**MERCADO RIVERA LAW OFFICES**
P.O. BOX 8086
CAGUAS, PUERTO RICO 00726
☏787-745-0628
🖷787-961-9884
✉: camercado@mercadoriverlaw.com

10