# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ RAMÍREZ-DE ARELLANO,<br><br>**Plaintiff,**<br><br>v.<br><br>UNITED STATES OF AMERICA<br>(Federal Aviation<br>Administration),<br><br>**Defendant.** | Civil No. 19-1607 (FAB) |

## OPINION AND ORDER[1]

BESOSA, District Judge.

José Ramírez de Arellano ("Ramírez") dreamed of becoming an Air Traffic Controller for the Federal Aviation Administration ("FAA"). See Docket No. 5 at p.2. The FAA grounded this dream, however, by finding him medically unfit for this position. See Docket No. 5 at p.2. Crestfallen, but determined, Ramírez now seeks a writ of *mandamus* to compel the FAA to reconsider the denial of his application. See Id. at p.2. Before the Court is the FAA's motion to dismiss Ramírez' writ of *mandamus*. (Docket No. 20.) For the reasons set forth below, the FAA's motion to dismiss is **GRANTED**.

---

[1] José L. Maymí-González, a third-year student at the University of Puerto Rico School of Law, assisted in the preparation of this Opinion and Order.

**I.   Background**

Ramírez applied for a position in the FAA as an Air Traffic Controller, job series 2158, in 2012.  (Docket No. 5 at p.2.) After two years, the Regional Flight Surgeon, Dr. Susan Northrup, M.D. ("Northrup"), denied his application in a letter dated June 20, 2014. See Id. Northrup reviewed Ramírez's psychological assessment, finding that he was not medically qualified from serving as an Air Traffic Controller pursuant to FAA Order 3930.3B, Appendix-A ¶5(g)(1).  See Docket No. 1, Ex. 1.  In her letter, Dr. Northrup specified that requests for reconsideration must be submitted to the Federal Air Surgeon within 15 calendar days from receipt of the rejection letter.  See Id.   Dr. Northrup also indicated that "[t]he decision of the Federal Air Surgeon [on appeal] is the final medical determination of the agency."  See Id. Although Ramírez failed to appeal within the 15-day timeframe, Dr. Northrup nevertheless forwarded his application to the Federal Air Surgeon pursuant to applicable regulatory procedures.  See FAA Order 3930.3B, Chapter 3, Section 1, Subsection 12.

 On November 27, 2018, the Federal Air Surgeon, Michael Berry, M.D. ("Dr. Berry"), sent a letter to Ramírez.  See Docket No. 1, Ex. 11.  Dr. Berry informed Ramírez that his "medical evidence reveals an established medical history or clinical diagnosis of: substance dependence (alcohol)," and upheld Dr. Northrup's

preliminary decision.  See Id.  Dr. Berry also indicated that Ramírez' "records do not show that [he] requested reconsideration [of the Regional Flight Surgeon's decision] within the specified time frame" (*i.e.* within 15 days after receiving the June 20, 2014 letter).  Id.

## II.  Legal Standard

Rule 12(b)(6) permits a defendant to move to dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive the motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw a reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels [a court] to draw on [its] judicial experience and common sense."  Zenón v. Guzmán, 924 F.3d 611, 616 (1st Cir. 2019) (internal quotation marks omitted).  A court must decide whether the complaint alleges sufficient facts to "raise a right to relief

above the speculative level." Twombly, 550 U.S. at 555. Ramírez shoulders the burden of alleging a viable cause of action plausibly. Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016).

Assessing the adequacy of a complaint in the First Circuit requires a two-step analysis. Zenón, 924 F.3d at 615–16. First, the Court "isolate[s] and ignore[s] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Id. at 615 (internal quotation marks omitted). Second, the Court "take[s] the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor" to "see if they plausibly narrate a claim for relief." Id. at 615–16 (internal quotation marks omitted).

### III. The Writ of *Mandamus*

High atop the mountain of legal remedies, the ancient flower of *mandamus* grows, closely guarded by the Courts, only to be picked when no other relief is available or appropriate. Upon a discretionary grant, a litigant may pluck the arduous bloom by showing that he or she has no other alternative path to his or her relief, and a clear right to the flower's essence. The writ of *mandamus* "is one of the most potent weapons in the judicial arsenal," but is granted only in "extraordinary situations."

United States v. Jicarilla Apache Nation, 564 U.S. 162, 206 n.11 (2011); See In re Bushkin Associates, Inc., 864 F.2d 241, 245 (1st Cir. 1989).

Ramírez seeks relief pursuant to the writ of *mandamus*, codified at 28 U.S.C. § 1361 ("section 1361"). (Docket No. 1.) Section 1361 provides that "district courts shall have original jurisdiction of any action in the nature of *mandamus* to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C.A. § 1361. Both the Supreme Court and the First Circuit Court of Appeals have held unequivocally that a *mandamus* action may not circumvent or serve as a substitute for an appeals process. Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 381 (2004) ("[T]he writ will not be used as a substitute for the regular appeals process[.]") (citing Ex parte Fahey, 332 U.S. 258, 260 (1947)); In re JP Morgan Chase Bank, 799 F.3d 36, 38 (1st Cir. 2015).

Ramírez must satisfy three conditions to obtain a writ of *mandamus*. Cheney, 542 U.S. at 380. First, he must "have no other adequate means to attain the relief he desires." Id. (quoting Kerr v. United States Dist. Court for Northern Dist. of Cal., 426 U.S. 394, 403 (1976)). Second, Ramírez must establish "that his right to issuance of the writ is clear and indisputable." Id. at 381 (quoting Kerr, 426 U.S. at 403) (internal quotation marks

omitted).  Third, even if the prior two conditions "have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." Id. (citing Kerr, 426 U.S. at 403).

Ultimately, the writ of *mandamus* is "strong medicine which should not neither be prescribed casually nor dispensed freely." In re Cargill, 66 F.3d 1256, 1259 (1st Cir. 1995).  In keeping with the extraordinary nature of the writ of *mandamus*, "[the] standard is difficult to meet, and rightly so".  In re Bulger, 710 F.3d 42, 46 (1st Cir. 2013).  A writ of *mandamus* will not substitute an appeal.  In re JP Morgan Chase Bank, 799 F.3d at 38.

**A.  The FAA Appeals Process**

Pursuant to 49 U.S.C. § 46110(a) ("section 46110"), "a person disclosing a substantial interest in an order issued by the [FAA] may apply for review of the order by filing a petition for review in the United States Court of Appeals [. . .]."  49 U.S.C.A. § 46110(a).  An "order" means a final order or determination by the agency.  See Ruskai v. Pistole, 775 F.3d 61, 65 (1st Cir. 2014). ("The term 'order' s read expansively in review statutes [. . .]").  See, Aviators for Safe & Fairer Regulation, Inc. v. FAA, 221 F.3d 222, 225 (1st Cir. 2000).  The petition must be filed not later than 60 days after the order is issued.  49 U.S.C.A. § 46110(a).  See Electronic Privacy Info. Center v. F.A.A., 821

F.3d 39, 42 (D.C. Cir. 2016) ("Despite the FAA's explicit dismissal, [plaintiff] waited over 60 days to petition for review."). Extensions of the 60-day term are proper if the movant demonstrates "reasonable grounds" for not filing an appeal within the statutory timeframe. 49 U.S.C. § 46110(a). The courts have, however, "rarely found 'reasonable grounds' under section 46110(a)." Electronic Privacy Info. Center, 821 F.3d at 42-44 (finding that plaintiff's "reasonable grounds" did not justify the delay, and, thus, his petition was time-barred). See Safe Extensions, Inc. v. FAA, 509 F.3d 593, 603 (D.C. Cir. 2007). Section 46110(a) provides that that "[t]he court of appeals has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order and may order the FAA to conduct further proceedings." Aviators for Safe and Fairer Regulation, Inc., 221 F.3d at 225. (citing 49 U.S.C. § 46110(c)) (internal quotation marks omitted) (applying section 46110 in reviewing an FAA order). See Town of Winthrop v. F.A.A., 535 F.3d 1, 6 (1st Cir. 2009) (holding that the First Circuit Court of Appeals has "jurisdiction over [a] final decision of the FAA under 49 U.S.C. §46110(a)"). See, e.g., Penosbscot Air Servs. v. FAA., 164 F.3d 713, 717 (1st Cir. 1999) (reviewing a final decision of the F.A.A. pursuant to 49 U.S.C. § 46110).

**IV. Discussion**

Ramírez avers that the FAA erred by determining that his request for reconsideration was untimely, and by failing to consider new evidence. (Docket No. 5 at p. 2.)[2] He seeks a writ of *mandamus* to compel the FAA to reevaluate his complete medical file pursuant to FAA Order 3930.3B ("FAA order"). Id. at p. 9. The FAA order states that "[t]he determination of the [Federal Air Surgeon] represents the final medical status determination for the FAA". (Docket No. 1, Ex. 6.) Furthermore, Dr. Northrup's letter finding that Ramírez was not medically qualified for the Air Traffic Controller position stated explicitly that the "decision of the Federal Air Surgeon is the final medical decision of the agency." (Docket No. 1, Ex. 1.) Ramírez received notification of the final determination by the Federal Air Surgeon in a letter dated November 27, 2018. (Docket No. 1, Ex. 11.) Pursuant to section 46110, Ramírez had 60 days after issuance of the Federal Air Surgeon's final order to file an appeal in the Court of Appeals for the District of Columbia Circuit or in the First Circuit Court

---

[2] The new evidence consisted of two medical reports submitted by Ramírez after Dr. Northrup's decision, but before Dr. Berry's final determination. (Docket No. 5, at p. 3.) The first report is a psychological evaluation performed by Dr. Billy B. Santiago-Bermúdez. (Docket No. 1, Ex. 7.) The second report is an occupational psychiatric evaluation performed by Dr. Victor Lladó. (Docket No. 1, Ex. 8.)

of Appeals. 49 U.S.C.A. § 46110. Accordingly, Ramírez had until January 26, 2019 to file an appeal. He did not. See Docket No. 5.

The Court need not address the substance of Ramírez' claims because a writ of *mandamus* cannot circumvent the appeal process set forth in section 46110. The Cheney Court stated explicitly that the writ of *mandamus* may not be used as a substitute for an appeals process. Cheney, 542 U.S. at 381. See also In re Urohealth Systems, Inc., 525 F.3d. 504, 507 (1st Cir. 2001). Consequently, The Court finds that Ramírez does not satisfy the requirements for a writ of *mandamus*. The FAA's motion to dismiss is **GRANTED**. (Docket No. 20.)

**IV. Conclusion**

The Federal Air Administration's Motion to Dismiss, (Docket No. 20), is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 5, 2020.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE